IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CINDY GARCIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-13-CV-393-XR |
| | § | |
| RECONTRUST COMPANY, N.A., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On this date, the Court considered Defendants' motion for judgment on the pleadings (docket no. 11). For the following reasons, the Court GRANTS the motion.

**I. Background**

**A. Factual Background**[1]

On August 12, 2014 Plaintiff Cindy Garcia purchased the property located at 3500 Pipers Path, San Antonio, Texas 78251 (the "Property"). The Property is encumbered by a mortgage, which the Bank of New York Mellon allegedly holds.[2] Defendant Bank of America N.A. ("Bank of America") is the alleged mortgage servicer for the Bank of New York Mellon. Defendant Recontrust Company, N.A. ("Recontrust") is the alleged "foreclosure agent."

Plaintiff asserts that during December 2012 and January 2013, she agreed to a "verbal payment arrangement" with Bank of America.[3] The payment arrangement allegedly covered Plaintiff's next six payments, commencing with Plaintiff's January 2013 payment. Plaintiff

---

[1] The factual background is taken from the allegations in Plaintiff's state-court petition. Docket No. 2-2.
[2] Plaintiff does not specify whether the mortgage was executed in connection with the purchase of the Property.
[3] Presumably, Plaintiff's mortgage was in default when she agreed to the payment arrangement; however, Plaintiff does not explicitly state so.

asserts that she sent Bank of America her January 2013 payment according to the payment arrangement. Thereafter, she spoke with a Bank of America representative, who allegedly explained to her that because she had entered into the payment arrangement, she could not apply for a loan modification. This information allegedly upset Plaintiff, who considered a loan modification her "best-case goal." In February 2013, Plaintiff called Bank of America. Bank of America allegedly told Plaintiff that she could exit her payment arrangement if she missed a payment. Thereafter, Plaintiff missed a payment; however, instead of her loan being considered for a loan modification, it was considered in default, and Bank of America began foreclosure proceedings.

On or about March 1, 2013, Recontrust sent Plaintiff a letter stating that her loan had been accelerated and Plaintiff owed $64,105.59.[4] The letter states that if Plaintiff's default is not cured, the Property will be sold at a foreclosure sale. The letter also states that, "[u]nless [Plaintiff], within (30) days after receipt of this letter, dispute[s] the validity of the debt or any portion of the debt, [Recontrust], will assume the amount to be valid." Docket No. 2-2, Ex. A, at 2. The letter explains that if Plaintiff disputes the debt, Recontrust will obtain verification of the debt and mail it to her. Plaintiff asserts that she disputed the debt within thirty days of the letter.

On or about March 15, 2013, Plaintiff received a notice of a scheduled foreclosure sale of the Property.[5] The notice scheduled a foreclosure sale for April 2, 2013.

**B. Procedural History**

On April 1, 2013 Plaintiff filed her lawsuit in the 407th Judicial District Court of Bexar County, Texas. By her lawsuit, Plaintiff sought to enjoin the scheduled foreclosure sale of the

---

[4] A copy of this letter is attached to Plaintiff's petition. Docket No. 2-2, Ex. A.
[5] A copy of the notice of sale is attached to Plaintiff's petition. Docket No. 2-2, Ex. C.

Property. In a section of her petition titled, "Cause of Action/Injunctive Relief/Sanctions," Plaintiff asserts:

> Defendants are jointly and severally liable to Plaintiff for failure to provide accurate notice, failing to adhere to their own documents, and materially inaccurate or false information to Plaintiff concerning the pending foreclosure of the Property . . .

Pet. at 4 (ellipsis in the original).

On April 1, 2013, the state court granted Plaintiff an *ex parte* temporary restraining order, enjoining Defendants from conducting the scheduled foreclosure sale. Docket No. 2-3. On April 15, 2013, the temporary restraining order expired by its own terms. Thereafter, on May 8, 2013, Defendants removed the action to this Court, and on June 18, 2013, Defendants filed an answer. Docket Nos. 1, 9.[6]

On October 23, 2013, Defendants filed a motion for judgment on the pleadings. Docket No. 11. Defendants argue that the case should be dismissed because Plaintiff does not assert a valid cause of action against Defendants.

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that for deciding a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

---

[6] The Court notes that it has diversity jurisdiction to decide the case. *See* 28 U.S.C. § 1332(a). Bank of America asserts that it is a citizen of North Carolina and that the appraised value of the Property is $89,880. Docket No. 1, at 3, 5; *see Farkas v. GMAC Mortg., L.L.C.*, No. 12-20668, 2013 WL 6231114, at *2 (5th Cir. Dec. 2, 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). While Recontrust is a citizen of Texas, Recontrust was improperly joined as a defendant because, as explained below, Plaintiff has no possibility of recovery against Recontrust. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (stating that a party may establish improper joinder by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Discussion

Plaintiff is represented by counsel. In her state-court petition—which remains her live pleading—Plaintiff asserts:

> Defendants are jointly and severally liable to Plaintiff for failure to provide accurate notice, failing to adhere to their own documents, and materially inaccurate or false information to Plaintiff concerning the pending foreclosure of the Property . . .

Pet. at 4 (ellipsis in the original). Plaintiff has not responded to Defendants' motion to dismiss, nor has Plaintiff, in any other way, clarified the causes of action she is pursuing.

Accepting the allegations in Plaintiff's petition as true, the Court is unable to construe a valid claim for relief. To the extent, Plaintiff challenges whether proper notice was served on her, Plaintiff's complaint fails because she acknowledges that Defendants sent—and she received—notice of the scheduled foreclosure sale. *See* TEX. PROP. CODE § 51.002(b) (requiring

4

notice of the scheduled foreclosure sale be served on the debtor at least twenty-one days before sale). To the extent that Plaintiff challenges Defendants' right to foreclose based on the March 1, 2013 acceleration letter, she fails to explain why the letter deprives Defendants of their right to foreclose. The letter states that Plaintiff may dispute her debt. If she disputes her debt, Recontrust will verify the debt. Nowhere does the letter state that Defendants will halt foreclosure proceedings if Plaintiff disputes her debt. In fact, the letter specifically states that foreclosure proceedings will not be halted unless Plaintiff cures her default, which she has not alleged she has done. Finally, to the extent Plaintiff seeks to enforce a loan modification agreement, Plaintiff admits that the parties never modified the loan. Pet., Docket No. 2-2 at 2.[7] Plaintiff, therefore, cannot state a claim for breach of a modification agreement *See Rice v. Metro. Life Ins. Co.,* 324 S.W.3d 660, 666 (Tex. App.—Fort Worth 2010, no pet.) (stating that to succeed on a breach of contract claim, a plaintiff must show, "(1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages").

Since Plaintiff has not stated a valid claim against Defendants, her request for injunctive relief fails. *See Cook v. Wells Fargo Bank, N.A.*, 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.") (citing *Brown v. Ke–Ping Xie,* 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).

---

[7] Nor does Plaintiff state that Defendants promised to modify the loan. *See Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.) ("The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment."); *id.* at 140 ("[A]s when promissory estoppel is used as a defense, if the underlying oral promise is barred by the statute of frauds, the plaintiff must show that the promisor promised to sign a written document that would satisfy the statute of frauds.")

## IV. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings (docket no. 11) is GRANTED.

Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendants are awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 28th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE